IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LOUIE ALEXANDER** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | CIVIL ACTION NO.: 3:06CV498-VPM |
| ) | |
| **OPELIKA CITY SCHOOLS** ) | |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### I. Preliminary Statement

1. This action seeks declaratory, injunctive and equitable relief, compensatory damages, punitive damages, costs and attorney's fees for the racial discrimination, retaliatory discharge, and other actions suffered by the Plaintiff LOUIE ALEXANDER by the Defendant OPELIKA CITY SCHOOLS.

### II. Jurisdiction

2. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981 ("Section 1981"), which prohibit race discrimination in employment, claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.



§§201, *et seq.* and a State law cause of action.

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§1343(4), and 42 U.S.C. §2000e-5(f). Supplemental jurisdiction over the State law claim is invoked pursuant to 28 U.S.C. §1367(a).

4. All conditions precedent to filing this action have been met by Plaintiff Louie Alexander (hereinafter, "Plaintiff" or "Alexander"). Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination by the Defendant. (Charge of Discrimination, Charge Number 130-2006-00522, attached as Exhibit "A.") This Charge was filed within 180 days of the last discriminatory event committed by Defendant. (*Id.*) A statutory Right-to-Sue letter was issued by the EEOC to the Plaintiff, a true and accurate copy is attached hereto and incorporated herein. (Dismissal and Notice of Rights Letter, dated March 9, 2006, attached as Exhibit "B.") This action is filed within ninety (90) days of Plaintiff's receipt of this Right-to-Sue letter. (*Id.*) Plaintiff has exhausted his administrative remedies as required by Title VII prior to bringing this action. 42 U.S.C. §2000e-16(c).

### III. Venue

5. This action properly lies in the Middle District, Eastern Division, of the United States Districts Court of Alabama, pursuant to 28 U.S.C. §1391(b), because

the claim arose in and Plaintiff is a resident of this judicial district, and pursuant to 42 U.S.C. §2000e-5(f)(3), because unlawful employment practices were committed in this judicial district.

## IV. Parties

6. Plaintiff, an African-American, is an adult citizen and resident of Lee County, Alabama.

7. Defendant Opelika City Schools is a public employer located in Lee County, Alabama and engages in industry or business affecting commerce, with its principle place of business being in Opelika, Alabama, and employed more than 15 employees at all times relevant to these claims, thereby meeting the definition of an "employer" under Title VII. 42 U.S.C. §2000e(b).

## V. Facts

8. Plaintiff Louie Alexander was employed by Defendant Opelika City Schools (hereinafter, "Defendant") starting in October 2003. Plaintiff was employed as a custodian for Defendant working primarily at Opelika High School.

9. While assigned to work at Opelika High School, Plaintiff's immediate supervisor was Joe Wingo, a white male employee. During Plaintiff's employment, Wingo would regularly refer to Plaintiff and other black employees as "boy." Additionally, another white employee working at Opelika High School,

3

James Chance, would also refer to Plaintiff and other black employees as "boy." Chance would also curse at verbally abuse Plaintiff for not following Chance's orders, even though Chance was not Plaintiff's supervisor.

10. While working at Opelika High School, Plaintiff and other black custodian employees were assigned by the white supervisor to perform their job duties and also perform the work that should have been performed by white custodian employees.

11. Plaintiff complained about the verbal abuse and racial inequities of job assignments to management of Defendant. However, no action was taken by Defendant to investigate these complaints and correct the problems.

12. While working for Defendant, Plaintiff would have his time sheets changed by his supervisor reducing Plaintiff's number of hours worked so Plaintiff would not receive overtime pay for work performed in excess of 40 hours in a workweek. Additionally, the same supervisor would change the time sheets of white employees showing hours worked when the white employees did not perform any work during that time.

13. Plaintiff made complaints about racial harassment, racial inequality of work assignments and the improper reduction of hours worked by Plaintiff to management of Defendant.

14. Instead of investigating and correcting the problems complained of by Plaintiff, Defendant terminated Plaintiff's employment on October 25, 2005.

## VI. Causes of action

### COUNT I

### RACE DISCRIMINATION

15. Plaintiff restates the allegations of Paragraphs 1 through 14 of Plaintiff's Complaint as if set out in full herein.

16. Defendant's conduct in requiring Plaintiff to perform more job duties than similarly situated white employees was based upon Plaintiff's race. Defendant discriminated against Plaintiff by subjecting him to unfair job assignments and other discriminatory terms and conditions of employment because of Plaintiff's race. Defendant terminated Plaintiff's employment even though Plaintiff's job performance was excellent.

17. Defendant's conduct was committed with malice and reckless indifference to the federally protected rights of Plaintiff and is a violation of Title VII of the Civil Rights Act of 1964, as amended, and of Section 1981.

18. As a result of Defendant's conduct, Plaintiff was caused to suffer mental anguish, emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant for lost

wages and benefits, plus interest, future wages and benefits, compensatory and punitive damages, costs of litigation and attorney's fees, injunctive relief to prohibit future acts of discrimination by Defendant and any other equitable relief the Court deems appropriate.

## COUNT II

## RACIAL HARASSMENT

19. Plaintiff restates the allegations of Paragraphs 1 through 18 of Plaintiff's Complaint as if set out in full herein.

20. The racially derogatory comments of Plaintiff's supervisor and other white employees resulted in Plaintiff having to work in a racially hostile work environment. The conduct was unwanted, based upon Plaintiff's race, affected the terms and conditions of Plaintiff's employment and was pervasive and severe enough to affect Plaintiff's well-being.

21. The racially offensive conduct was complained of by Plaintiff and no remedial action to stop the conduct was taken by Defendant. Defendant had actual knowledge of the racially hostile work environment and took no action to stop it.

22. Defendant's conduct was committed with malice and reckless indifference to the federally protected rights of Plaintiff and is a violation of Title VII of the Civil Rights Act of 1964.

23. As a result of Defendant's conduct, Plaintiff was caused to suffer mental anguish, emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant for lost wages and benefits, plus interest, future wages and benefits, compensatory and punitive damages, costs of litigation and attorney's fees, injunctive relief to prohibit future acts of discrimination by Defendant and any other equitable relief the Court deems appropriate.

## COUNT III

### TITLE VII - RETALIATION

24. Plaintiff restates each allegation of Paragraphs 1 through 23 of Plaintiffs' Complaint as if set out in full herein.

25. Plaintiff was terminated from employment by Defendant due to his complaint about racial harassment and racial discrimination at the workplace.

26. Defendant's conduct was willful and with full knowledge of the violations of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's termination was in retaliation for opposing the discriminatory practices of Defendant and committed with malice and reckless indifference to the rights of Plaintiff. 42 U.S.C. §2000e3(a).

WHEREFORE, Plaintiff demands judgment against Defendant for lost

wages and benefits, plus interest, from the date of his termination until a finding by a jury, future wages and benefits, compensatory and punitive damages, costs of litigation and attorney's fees, injunctive relief to prohibit future acts of discrimination by Defendant and any other equitable relief the Court deems appropriate.

## COUNT IV

## VIOLATIONS OF FLSA

27. Plaintiff restates each allegation of Paragraphs 1 through 26 of Plaintiffs' Complaint as if set out in full herein.

28. Defendant is an "employer" as defined by 29 U.S.C. §203(d).

29. Plaintiff's supervisor's actions of modifying Plaintiff's time sheets in order to deny Plaintiff proper compensation for hours worked is a violation of 29 U.S.C. §215(a). Defendant's conduct was willful and violated Plaintiff's rights under the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendant for lost wages and benefits, plus interest, liquidated damages, costs of litigation and attorney's fees pursuant to 29 U.S.C. §216.

## COUNT V

## NEGLIGENT SUPERVISION

30. Plaintiff restates each allegation of Paragraphs 1 through 29 of Plaintiffs' Complaint as if set out in full herein.

31. The upper level management of Defendant failed to properly supervise the employees of the school system who racially harassed Plaintiff, racially discriminated against Plaintiff and denied Plaintiff proper compensation. Plaintiff complained about the discrimination he was being subjected to and, rather than correct the illegal conduct, terminated Plaintiff. The termination decision-makers violated the rights of Plaintiff by terminating him from employment. The upper level management of Defendant had a duty to comply with applicable Federal employment discrimination laws and wage and hour laws and protect the rights of its employees.

36. The upper level management of Defendant breached their duty to comply with the appropriate laws by terminating Plaintiff. As a result of this breach, Plaintiff has suffered injury and harm.

WHEREFORE, Plaintiff demands judgment against Defendant for lost wages and benefits, plus interest, from the date of Plaintiff's termination until a finding by a jury, future wages and benefits, compensatory and punitive damages, costs of litigation and attorney's fees, and any other equitable relief the Court deems appropriate.

Respectfully submitted,

*[signature: Gregg L. Smith]*

GREGG L. SMITH
ASB-0788-i68G
Attorney for Plaintiff

**OF COUNSEL:**
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL CLAIMS SUBJECT TO JURY TRIAL.**

*[signature: Gregg L. Smith]*

GREGG L. SMITH
Attorney for Plaintiff

DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:

**Opelika City Schools**
**300 Simmons Street**
**Opelika, AL 36801**