IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LOUIE ALEXANDER,

    Plaintiff,

-vs-                                  Case No. 3:06-cv-498-VPM

OPELIKA CITY BOARD OF EDUCATION,

    Defendant.

# ANSWER ON BEHALF OF DEFENDANT
# OPELIKA CITY BOARD OF EDUCATION
# TO PLAINTIFF'S COMPLAINT

COME NOW the Defendant, Opelika City Board of Education, incorrectly identified in this Complaint as Opelika City Schools (hereinafter referred to as "OCBOE"), by and through its counsel of record, and responds, to the Plaintiff's *Complaint* as follows:

## FIRST DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SECOND DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted.

## THIRD DEFENSE

All Plaintiff's claims, as alleged in his *Complaint*, which occurred more than one hundred and eighty (180) days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff"s failure to comply with the procedures required by 42 U.S.C. § 2000(e).

## FOURTH DEFENSE

All of the Plaintiff's claims in his *Complaint* which were not set forth in his EEOC charge are barred as outside the scope of the charge.

## FIFTH DEFENSE

If Plaintiff proves that any decision regarding his employment was motivated in whole or in part by his race or other unlawful intent, the Defendants will show that the same action would have been taken regardless of said unlawful intent.

## SIXTH DEFENSE

Defendants did not retaliate against plaintiff.

## SEVENTH DEFENSE

There is no cause or connection between any alleged unlawful employment action asserted against the Board and any alleged protected conduct.

## EIGHTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under Title VII.

## NINTH DEFENSE

The Plaintiff's *Complaint* fails to state a claim against these Defendants upon which relief can be granted under 42 U.S.C. § 1981.

## TENTH DEFENSE

Defendant did not discriminate against Plaintiff based upon his race.

## ELEVENTH DEFENSE

Defendant states that any and all alleged adverse employment decisions with regard to the Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to his race.

## TWELFTH DEFENSE

None of the decisions made by Defendant regarding Plaintiff's employment was based on any protected conduct.

## THIRTEENTH DEFENSE

The Plaintiff was not engaged in any activity protected by the United States Constitution at any time relevant to this *Complaint*.

### FOURTEENTH DEFENSE

The Defendant's interest in the orderly administration of the Opelika City Public Schools outweighs any alleged interest or entitlement of Plaintiff.

### FIFTEENTH DEFENSE

OCBOE denies any intentional or willful violation of the FLSA.

### SIXTEENTH DEFENSE

OCBOE asserts it acted in good faith in complying with the FLSA.

### SEVENTEENTH DEFENSE

OCBOE asserts that any act or omission giving rise to this action was made in good faith and that it had reasonable grounds for believing it was not in violation of the FLSA.

### EIGHTEENTH DEFENSE

OCBOE cannot be held liable because of Eleventh Amendment immunity, absolute immunity, qualified immunity and other state and federal protections afforded this Defendant.

### NINETEENTH DEFENSE

For response to each numbered paragraph of the Plaintiff's *Complaint*, Defendant avers as follows:

### I.  Preliminary Statement

1.   With regard to the allegations as contained in paragraph 1 of the Plaintiff's *Complaint*, it is admitted that Plaintiff seeks the relief, damages, costs and expenses set forth in paragraph 1, but it is specifically and categorically denied that Plaintiff is entitled to any such relief, damages, costs and expenses as claimed.

### II.  Jurisdiction

2.   With regard to the allegations as contained in paragraph 2 of the Plaintiff's *Complaint*, it is admitted that Plaintiff seeks to allege causes of action under the statutory authority set forth in paragraph 2, but it is specifically and categorically denied that Plaintiff is entitled to any such relief.

3.   With regard to the allegations as contained in paragraph 3 of the Plaintiff's *Complaint*, it is admitted that this Honorable Court has jurisdication over the claims set forth in Plaintiff's *Complaint*.

4. OCBOE denies the allegations as contained in paragraph 4 of the Plaintiff's *Complaint*.

### III.  Venue

5. With regard to the allegations as contained in paragraph 5 of Plaintiff's *Complaint*, it is as admitted that the venue of this action arises in the Middle District, Eastern Division of the United States Court of Alabama, but it is specifically and categorically denied that this Defendant committed any unlawful employment practices or violation of the Fair Labor Standards Act as alleged.

### IV.  Parties

6. OCBOE admits the allegations as contained in paragraph 6 of the Plaintiff's *Complaint*.

7. With regard to the allegations as contained in paragraph 7 of Plaintiff's *Complaint*, it is admitted that OCBOE is an employer under Title VII, 42 U.S.C. § 2000e(b).

### V.  Facts

8. OCBOE admits the allegations as contained in paragraph 8 of the Plaintiff's *Complaint*, with the exception of Plaintiff being employed in October of 2003 which is denied.  The starting date of Plaintiff's employment with OCBOE was November 13, 2003.

9. OCBOE denies the allegations as contained in paragraph 9 of the Plaintiff's *Complaint*.

10. OCBOE denies the allegations as contained in paragraph 10 of the Plaintiff's *Complaint*.

11. OCBOE denies the allegations as contained in paragraph 11 of the Plaintiff's *Complaint*.

12. OCBOE denies the allegations as contained in paragraph 12 of the Plaintiff's *Complaint*.

13. OCBOE denies the allegations as contained in paragraph 13 of the Plaintiff's *Complaint*.

14. OCBOE denies the allegations as contained in paragraph 14 of the Plaintiff's *Complaint*.

### VI.  Causes of Action
### Count I — Race Discrimination

15. OCBOE hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through fourteen of Plaintiff's *Complaint*.

16. OCBOE denies the allegations as contained in paragraph 16 of the Plaintiff's *Complaint*.

17. OCBOE denies the allegations as contained in paragraph 17 of the Plaintiff's *Complaint*.

18. OCBOE denies the allegations as contained in paragraph 18 of the Plaintiff's *Complaint*.

OCBOE specifically and categorically denies that the Plaintiff is entitled to the relief requested in Count I.

### Count II — Racial Harassment

19. OCBOE hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through eighteen of Plaintiff's *Complaint*.

20. OCBOE denies the allegations as contained in paragraph 20 of the Plaintiff's *Complaint*.

21. OCBOE denies the allegations as contained in paragraph 21 of the Plaintiff's *Complaint*.

22. OCBOE denies the allegations as contained in paragraph 22 of the Plaintiff's *Complaint*.

23. OCBOE denies the allegations as contained in paragraph 23 of the Plaintiff's *Complaint*.

OCBOE specifically and categorically denies that the Plaintiff is entitled to the relief requested in Count II.

### Count III — Title VII - Retaliation

24. OCBOE hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through twenty-three of Plaintiff's *Complaint*.

25. OCBOE denies the allegations as contained in paragraph 25 of the Plaintiff's *Complaint*.

26. OCBOE denies the allegations as contained in paragraph 26 of the Plaintiff's *Complaint*.

OCBOE specifically and categorically denies that the Plaintiff is entitled to the relief requested in Count III.

### Count IV — Violation of FLSA

27. OCBOE hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through twenty-six of Plaintiff's *Complaint*.

28. OCBOE admits the allegations as contained in paragraph 28 of the Plaintiff's *Complaint*.

29. OCBOE denies the allegations as contained in paragraph 29 of the Plaintiff's *Complaint*.

OCBOE specifically and categorically denies that the Plaintiff is entitled to the relief requested in Count IV.

### Count V — Negligent Supervision

30. OCBOE hereby restates and adopts by reference as though set forth fully herein responses to paragraphs one through twenty-nine of Plaintiff's *Complaint*.

31. OCBOE denies the allegations as contained in paragraph 31 of the Plaintiff's *Complaint*.

36.[sic] OCBOE denies the allegations as contained in paragraph 36 of the Plaintiff's *Complaint*.

OCBOE specifically and categorically denies that the Plaintiff is entitled to the relief requested in Count V.

DATED THIS the 29th day of June, 2006.

                        OPELIKA CITY BOARD OF EDUCATION,
                        Defendant,

                        By: /S/ James R. Seale
                        James R. Seale (3617-E-68J)
                        HILL, HILL, CARTER,
                          FRANCO, COLE & BLACK, P.C.
                        Post Office Box 116
                        Montgomery, Alabama 36101-0116
                        (334) 834-7600
                        (334) 263-5969 - fax
                        E-mail: jrs@hillhillcarter.com
                        Counsel for Defendant
                        wwm/6630.0167/g:Answer.wpd

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Answer on Behalf of Defendant Opelika City Board of Education to Plaintiff's Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to: Gregg L. Smith, Esquire (greggsmith@bellsouth.net) this the 29th day of June, 2006.

                        /S/ James R. Seale