IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOUIE ALEXANDER ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| OPELIKA CITY SCHOOLS ) | 3:06-CV-498-WKW |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S PROPOSED**

**RULE 26(f) PARTIES' PLANNING MEETING REPORT**

COMES NOW Plaintiff Louie Alexander (hereinafter, "Plaintiff" or "Alexander") and submits Plaintiff's Proposed Rule 26(f) Parties' Planning Meeting Report. Counsel for Plaintiff and counsel for Defendant Opelika City Schools (hereinafter, "Defendant") were not able to come to an agreement on the certain details of a joint report. In support of the Court adopting Plaintiff's Proposed Report, Plaintiff provides the following:

**STATEMENT OF FACTS**

1. Plaintiff's counsel had contacted counsel for Defendant in early August suggesting a possible settlement of Plaintiff's claims prior to extensive litigation.

Defendant's counsel, Mr. Seale, stated in this conversation that he would contact his client and get back to Plaintiff's counsel regarding settlement. Mr. Seale never contacted Plaintiff's counsel after that telephone call.

    2. Plaintiff's counsel believed that if Defendant was interested in settlement, there would be no need for a planning meeting and report. If Defendant was not interested in settlement, the telephone call from Mr. Seale could become the planning meeting.

    3. On August 14, 2006, upon not hearing from Mr. Seale, Plaintiff's counsel sent a letter by facsimile requesting that counsel for Defendant be willing to meet for the Rule 26 meeting in Defendant's counsel's Montgomery office on August 16, 2006. (Letter from Gregg L. Smith to James R. Seale, dated August 14, 2006, attached as Exhibit "A.")  No one from Defendant's counsel's office called to confirm such the meeting. Accordingly, Plaintiff's counsel did not drive to Montgomery for the meeting. Plaintiff's counsel was in west Alabama conducting business on August 16 (that he was willing to cut short and change his route home to be in Montgomery for the meeting) and did not return to his Birmingham office until that evening.

    4. Plaintiff's counsel had received an e-mail message from the paralegal to Mr. Seale, sent at 4:39 p.m. on August 16. (E-mail message from Wynn McLaney

2

to Gregg L. Smith, attached as Exhibit "B.") In this message, Ms. McLaney explained that Mr. Seale was apparently too busy to telephone Plaintiff's counsel. (*Id.*)  Ms. McLaney requested that Plaintiff's counsel review the attached proposed planning meeting report and find it acceptable or suggest changes.  (*Id.*)

    5.  Plaintiff's counsel reviewed the attached report.  (Report of Rule 26(f) Parties' Meeting, attached to August 16, 2006 e-mail from Ms. McLaney, attached as Exhibit "C.")  The first problem Plaintiff's counsel had with the report was that it purported that there had been a meeting when actually no such meeting had taken place. (*Id.*)  Second, Defendant's counsel proposed not making initial disclosures until January 15, 2007, which is a clear violation of Federal Rule of Civil Procedure 26(a)(1). (*Id.*)  Third, the report proposed a trial date in August 2007. (*Id.*)  The case at hand is a race discrimination and retaliation case that is not complex and could be ready for trial in February 2007.  Fourth, the report proposed only 5 depositions for Plaintiff, a number that is completely unacceptable in litigation of this type.(*Id.*)

    6.  On the morning of August 17, 2006, Plaintiff's counsel had a telephone conversation with Ms. McLaney in which he voiced his concerns over the content of the proposed report.  Ms. McLaney explained the August 2007 proposed trial date because Mr. Seale was too busy to have the trial in February 2007.

7. In response to the proposed report and telephone call from Ms. McLaney, Plaintiff's counsel drafted another letter to Mr. Seale. (Letter from Gregg L. Smith to James R. Seale, dated August 17, 2006, attached as Exhibit "D." In this letter, Mr. Smith detailed the problems he and his client had with the proposed report, especially with the request that Mr. Smith submit a pleading to the Court claiming that a planning meeting took place when in reality, Mr. Seale was just too busy to call Mr. Smith for the past three weeks. (*Id.*)

8. On August 18, 2006, Mr. Smith received a telephone call from Elizabeth Carter, a partner with the firm representing Defendant, to discuss (and actually have) the planning meeting. Plaintiff submitted a proposed planning meeting report to Ms. Carter suggesting moving the discovery and other dates up, increasing the number of depositions and having the case ready for trial in February. Upon further discussion, Plaintiff's counsel suggesting notifying the Court that the case would be ready for trial in February, but if Mr. Seale has a trial conflict with that trial term, Plaintiff would not opposed a continuance. Ms. Carter would not agree to make any changes to the Defendant's proposed report.

## **ARGUMENT**

The differences between counsel's proposed reports hinge on the unwillingness of Defendant's counsel to try to have the case ready for trial in

February 2007 instead of August 2007. Plaintiff's Complaint was filed in June. The issues in dispute are not highly complex but are based mainly upon whether Plaintiff was subjected to race discrimination and retaliation or not.

To this point in time, Defendant's counsel has only taken any action when forced to by Plaintiff's counsel. Moreover, Defendant's counsel takes the position that Plaintiff's access to justice is based solely upon the schedule of Defendant's counsel. Defendant retained a large law firm to defend it in this matter. At least two partners in the firm (Mr. Seale and Ms. Carter) are actively involved in the case. Certainly, Mr. Alexander's opportunity for a day in court should not be contingent upon the whims of opposing counsel.

Plaintiff's counsel understands that sometimes conflicts do arise and cannot be reconciled. With that in mind, Plaintiff's counsel is only suggesting that this case be ready for trial in February. Because of conflicts that can arise on both sides, Plaintiff's counsel is prepared for any trial to be continued. Cases can be settled and trials continued for numerous reasons. Apparently, Defendant's counsel does not take this perspective and will only agree to trials that fits their obviously very busy and very important schedules.

Plaintiff's counsel has attached Plaintiff's Proposed Planning Meeting Report for the Court's consideration. (Plaintiff's Proposed Rule 26(f) Planning

Meeting Report, attached as Exhibit "E.") Plaintiff requests the Court to consider the facts and circumstances of this impasse when deciding the Scheduling Order in this matter.  Additionally, Plaintiff's counsel requests the Court to consider the position of the Plaintiff and his right to have his claims resolved quickly, and not the work schedule of Defendant's counsel when issuing a Scheduling Order. "Justice delayed is justice denied."

Respectfully submitted,

\s\ Gregg L. Smith
GREGG L. SMITH
BAR I.D. No.: SMIG0788
Attorney for Plaintiff Louie Alexander

**OF COUNSEL:**
Gregg L. Smith
Attorney at Law
4905 Branch Mill Circle
Birmingham, AL 35223
(205) 956-0101

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court of the United States District Court for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to James R. Seale and Elizabeth Brannen Carter, Hill, Hill, Carter, Franco,  Cole & Black, P.C., P.O. Box 116, Montgomery, AL 36101-0116, on this the 18th  day of August, 2006.

/s/ Gregg L. Smith
OF COUNSEL