# GREGG L. SMITH
## ATTORNEY AT LAW
4905 Branch Mill Circle
Birmingham, AL 35223
PHONE: (205) 956-0101 FAX: (205) 956-0113

August 17, 2006

**Via Facsimile and U.S. Mail**
Mr. James R. Seale
Hill, Hill, Carter, Franco,
Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

### RE: Louie Alexander v. Opelika City Schools

Dear Mr. Seale:

After not hearing from your office regarding my letter dated August 14, 2006, I did not stop in Montgomery to have the Rule 26 meeting with you or another attorney in your office. Last night, upon my return to Birmingham, I reviewed an e-mail from your para-legal, Ms. Wynn McLaney, and listened to a voice mail left by her at 4:40 p.m. The e-mail had an attached proposed Rule 26(f) Parties' Planning Meeting report. The message from Ms. McLaney asked me to review the proposed report and, if I agreed with the content, to notify her that it would be acceptable to file the report with the court by the deadline of August 18.

First, I am more than a little bothered that you would ask me, through your para-legal, to submit a document to the court that would be false. Rule 26 (f) requires that the parties or their counsel confer on the issues of the case including settlement, resolution and a discovery plan. We have not had that meeting. Submitting to the court a document that claims that we did have such a meeting when we did not I consider to be highly inappropriate and a possible violation of Federal Rule of Civil Procedure 11.

Over two weeks ago, in a telephone conversation, I raised the issue of a quick settlement of this case. You informed me that you would check with your client and call me back on that issue. I am still waiting for that call. I assumed that if you called and told me your client was not interested in a settlement, we would have the Rule 26 meeting. Apparently, your schedule is so busy that you were unable to call my office.

Second, the dates you have suggested in the proposed report are completely unacceptable. In a telephone conversation I had with Ms. McLaney today, I was told that a trial date with the court in February 2007 was available, but you already had two trials set for that time. My client, Mr. Alexander, who was regularly referred to as a "boy" by his supervisors and was terminated for complaining about this racial harassment, is not willing to wait for justice based upon your

**EXHIBIT D**

schedule. Accordingly, I suggest the dates of discovery be changed on the report to be able to meet the deadlines for a February 2007 trial. Perhaps your other cases may settle and we will be able to conduct the trial of this matter. This trial should only take a couple of days.

I even find it strange that in the proposed report you suggest an exchange of initial disclosures by January 15, 2007. Federal Rule of Civil Procedure 26(a)(1) requires that Initial Disclosures be made within 14 days after the Rule 26 conference. Why would I give you four additional months to make disclosures? I would prefer that our report comply with the Rules of Civil Procedure. As a point of information, the Local Rules of the Middle District affecting Federal Rule 26 were vacated in December 2000 when the Federal Rules were modified. (Proposed Report at paragraph 2.)

We have until the end of business on the 18th to meet and file a report. If you or another attorney in your office will not have the Rule 26 meeting/conference with me by then, I will file a notice with the court that the meeting did not take place and ask the court to set a time for the meeting. Hopefully, you will be able to fit that meeting time into your busy schedule.

If you or another attorney finds the time, you may reach me at my office. If I cannot get to the call, please leave a message. I will return the call.

Respectfully yours,

Gregg L. Smith