# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| **LOUIE ALEXANDER** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| **OPELIKA CITY SCHOOLS** ) | 3:06-CV-498-WKW |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## RULE 26(f) PARTIES' PLANNING MEETING

COMES NOW Plaintiff Louie Alexander (hereinafter, "Plaintiff" or "Alexander") and Defendant Opelika City Schools (hereinafter, "Defendant") in this cause of action and pursuant to Fed. R. Civ. P. 26(f) state the following:

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on August 18, 2006 and was attended by:

   Elizabeth Brannen Carter on behalf of Defendant.

   Gregg L. Smith on behalf of Plaintiff.

2. **Pre-discovery disclosures.** The parties will exchange by September 1, 2006 the information required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

Plaintiff's allegations in the Complaint, defenses asserted by Defendant in its Answer.

Discovery will be completed by December 22, 2006.

Maximum of 40 interrogatories by each party to the other party.

Maximum of 10 depositions by each party.

Maximum of 40 Requests for Production of Documents by each party.

Maximum of 30 requests for admissions by each party to the other party.

Reports from retained experts under Rule 26(a)(2) due:

> From the Plaintiff- November 10, 2006.

> From the Defendant- December 10, 2006.

Supplementation under Rule 26(e) due within a reasonable time after discovery of such information.

4. **Other Items.**

The parties do not request a conference with the court before the entry of the scheduling order.

The Plaintiff should be allowed until September 11, 2006 to join additional

parties and until September 25, 2006 to amend the pleadings.

The Defendant should be allowed until October 2, 2006 to join additional parties and until October 16, 2006 to amend the pleadings.

All dispositive motions should be filed by January 2, 2006.

Settlement cannot be realistically evaluated prior to December 1, 2006.

The parties request a final pretrial conference in January, 2002.

Final list of trial evidence under Rule 26(a)(3) should be due:

> From the Plaintiff: witnesses and exhibits 30 days before trial.

> From the Defendant: witnesses and exhibits 30 days before trial.

Parties should have 10 days after service of final list of trial evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by February 12, 2006 and at this time is expected to take 2 days for trial. Currently, counsel for Defendant may have a conflict with another trial during that term. Should that conflict not be resolved, Plaintiff will not oppose a continuance of the trial of this case to the August term.

Plaintiff's counsel has suggested ADR of this matter. At this point, Defendant is not inclined to attempt ADR. The parties will inform the Court in a timely manner as to any change in either of their respective positions.

       Respectfully submitted,


       /s/ Gregg L. Smith
       Gregg L. Smith
       smitg0788
       Attorney for Plaintiff
       4905 Branch Mill Circle
       Birmingham, AL 35223
       (205) 956-0101


       Elizabeth Brannen Carter
       Attorney for Defendant
       Hill, Hill, Carter, Franco,
        Cole & Black, P.C.
       P.O. Box 116
       Montgomery, AL 36101-0116