IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOUIE ALEXANDER, | : |
| Plaintiff, | : |
| -vs- | : Case No. 3:06-cv-498-WKW |
| OPELIKA CITY BOARD OF EDUCATION, | : |
| Defendant. | : |

## DEFENDANT OPELIKA CITY BOARD OF EDUCATION'S MOTION TO DISMISS

COMES NOW the Defendant Opelika City Board of Education and, pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure*, moves this Honorable Court to dismiss this cause of action with prejudice insomuch as Plaintiff has completely failed to prosecute this matter in any form. As grounds for this motion, Defendant avers as follows:

1. According to the Report of Rule 26(f) Planning Meeting separately filed by counsel for Plaintiff on August 18, 2006, Initial Disclosures were due from Plaintiff on September 1, 2006.

2. Defendant propounded its First Set of Interrogatories and Requests for Production, which were sent by First Class United States Mail to Plaintiff's attorney on October 16, 2006. Additionally, Defendant has repeatedly requested to take Plaintiff's deposition to no avail. To date, Plaintiff's counsel has made no attempt whatsoever to contact the undersigned counsel regarding the Initial Disclosures[1], the discovery requests nor the scheduling of Plaintiff's deposition.

3. Pursuant to Rules 33 and 34 of the *Federal Rules of Civil Procedure*, Plaintiff's responses to the discovery requests were due on or about November 17, 2006.

4. Counsel for Defendant, in an attempt to settle the discovery dispute with Plaintiff's counsel without court intervention, has repeatedly sent written correspondence seeking the past-due Initial Disclosures, the outstanding discovery responses and/or a date more specifically letters

---

[1] Counsel for Plaintiff's failure to forward Initial Disclosures is especially troubling in light of the fact that Plaintiff's counsel accused the undersigned of misconduct when same proposed an Initial Disclosure date later than Plaintiff desired during the parties' planning meeting.

dated to take Plaintiff's deposition. (See Composite Exhibit "1"-Exhibits attached to the previously filed Motion to Compel, Letter dated January 16, 2007, Letter dated January 11, 2007, Email dated January 11, 2007, Letter dated January 4, 2007, Letter dated November 7, 2006, Letter dated October 24, 2006).

5. On January 30, 2007, Defendant filed a Motion to Compel.

6. Plaintiff did not file any response. On February 16, 2007, this Court granted the motion. As a result, Defendant forwarded the attached correspondence "Exhibit 2." To date, no response has been made.

7. Pursuant to the Uniform Scheduling Order entered by this Court on August 30, 2006, the dispositive motions deadline is March 26, 2007. There is not sufficient time to collect the pertinent information needed on Plaintiff's claim to file an appropriate dispositive motion. Plaintiff has completely failed to prosecute this matter. Plaintiff has failed to respond to the Court's order or respond to any attempts by defense counsel regarding conducting discovery. Defendant has exhausted every avenue to move this matter along. It would be highly prejudicial at this point to permit the Plaintiff to further prosecute this case.

8. It is well settled in the Eleventh Circuit that pursuant to *Federal Rules of Civil Procedure* 41(b), a court may dismiss a lawsuit with prejudice when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice. See *Betty K. Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333 (11th Cir. 2005); see also *Gonzales v. Firestone Tire and Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (holding that "a federal district court possesses the inherit authority to dismiss an action for want of prosecution ..."). In the present matter, there is no question that there is a clear record of not only delay but complete contempt for the judicial process or this Court's orders. Again, Plaintiff's counsel has made absolutely no contact with the Court or undersigned counsel after the time in which proposed scheduling orders were submitted to this Court. Plaintiff's counsel has ignored the discovery process and woefully failed in any manner to prosecute this cause of action. Because dispositive

motions are due on March 26, 2007 and the Defendant has not been allowed the benefit of ever deposing the Plaintiff or receiving any response to its discovery requests, it would be highly prejudicial for the Defendant to be forced to move forward with a deposition.[2]

WHEREFORE, Defendant requests that pursuant to Rule 41(b) of the *Federal Rules Civil Procedure*, this Honorable Court dismiss the above-styled matter with prejudice because Plaintiff has failed to prosecute this claim and has otherwise ignored this Court's orders.  In the alternative, Defendant requests that this Honorable Court issue an order compelling Plaintiff to answer all written discovery, for initial disclosures and provide Plaintiff for deposition within the next ten (10) days and grant an extension to Defendant in which to file a dispositive motion after having the benefit of Plaintiff's testimony.

Respectfully submitted this 20th day of March 2007.

OPELIKA CITY BOARD OF EDUCATION, Defendant,

By: **/S/Elizabeth Brannen Carter**
James R. Seale (SEALJ3617)
Elizabeth B. Carter (CARTE3272)
HILL, HILL, CARTER,
 FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
Counsel for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Defendant Opelika City Board of Education's Motion to Dismiss* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to:  Gregg L. Smith, Esquire, (greggsmith@bellsouth.net ) this the 20th day of March, 2007.

 **/S/ Elizabeth Brannen Carter**
Of Counsel

---

[2] In the event Defendant filed a dispositive motion, Plaintiff could simply wait until after the dispositive motion deadline and then submit whatever he thought was appropriate to survive summary judgment.

3