## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **LOUIE ALEXANDER**    ) | |
| ) | |
| ) | |
| **Plaintiff,**    ) | |
| v.    ) | **CIVIL ACTION NO.:** |
| ) | |
| **OPELIKA CITY SCHOOLS**    ) | **3:06-CV-498-WKW** |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.**    ) | |

## RESPONSE TO COURT'S SHOW CAUSE ORDER

COMES NOW Counsel for Plaintiff Louie Alexander (hereinafter, "Plaintiff" or "Alexander"), Gregg L. Smith, and files this Response to this Court's Show Cause Order of March 28, 2007, requesting a basis why this Court should not dismiss this action as requested by Defendant Opelika City Schools (hereinafter, "Defendant"). In support of this Response, Counsel for Plaintiff provides the following:

1. In May 2006, Counsel for Plaintiff received a telephone call from an investigator working for the Equal Employment Opportunity Commission ("EEOC"). The investigator requested that Counsel consider representing an individual who had filed a Charge of Discrimination with the EEOC and had

received a Right to Sue letter. This individual wanted to pursue an action in federal court against his former employer, but could not find an attorney to represent him. This individual was Louie Alexander, the Plaintiff in this action. Counsel for Plaintiff had handled many Charges with the EEOC and had also spoken at several conferences with EEOC representatives and had a good working relationship with the Commission. As a favor to the investigator, Counsel agreed to meet with Plaintiff in Opelika, Alabama to consider representing him.

2. At this meeting, Plaintiff made several representations to Counsel regarding his personal and employment history that may not have been completely accurate. However, based upon the Plaintiff's representations and as a favor to the EEOC[1], Counsel agreed to represent Plaintiff.

3. The Complaint in this action was filed in June 2006. After an answer was filed, Counsel for Plaintiff made several attempts to have a Rule 26 Planning Meeting with Counsel for Defendant. The details of the lack of cooperation by Counsel for Defendant and the inability to reach an agreement on the Rule 26(f) Plan are detailed in Plaintiff's Rule 26(f) Proposed Parties' Planning Meeting Report filed August 18, 2006. One of the reasons for wanting a trial setting in August 2007 was because Counsel for Plaintiff was "too busy" with other matters

---

[1] Proving the maxim, "No good deed goes unpunished."

in February.

3.  During the next few months, Counsel had telephone conversations with Plaintiff regarding getting information together for discovery. Many of these conversations were less than fruitful.

4.  During November, December and early January, Counsel for Plaintiff was involved in union negotiations for a client with four separate unions. These negotiations took place in North Alabama causing Counsel to be away from his office for extensive periods. Counsel for Plaintiff is a sole practitioner in the truest sense. Counsel works out of his home with no employees after leaving a large law firm (Sirote & Permutt, P.C.) in February 2006.

5.  Also in January 2007, Counsel began experiencing massive computer problems caused by computer viruses being sent through "junk e-mail." After spending great amounts of time fixing these problems, Counsel upgraded his computer security system which effectively blocked out the numerous amounts of dangerous "spam" being sent over the Internet.

6.  Counsel for Plaintiff is somewhat familiar with computers, but is not of the generation raised with computers.[2]  Counsel also does not have a technical

---

[2] Counsel for Plaintiff is the same age as Bill Gates and Steve Jobs, but that is the only thing he has in common with them.

staff to correct problems. Apparently, the security upgrades on Counsel's computer blocked e-mails from unapproved sources. Counsel mistakenly believed that messages from the Middle District Court were approved for receipt. That belief was wrong.

    7. As a result of this error, Counsel for Plaintiff did not receive motions and Orders from this Court from mid January 2007 until the problem was recognized and corrected on March 25, 2007. Because motions are now e-filed, Counsel for Plaintiff was not aware of Defendant's Motion to Compel nor the Court's Orders regarding the Motion to Compel. Defendant's counsel, although never under any obligation to do so, never made a telephone call to Counsel for Plaintiff to seek a response to discovery.

    8. Not responding to motions and, especially, Court Orders is not consistent with Counsel's history before this incident. Counsel for Plaintiff has represented clients in cases in the Middle District for several years in front of Judges Albritton, DeMent, Thompson, Coody, Walker and former Judge Carroll. In none of these cases has Counsel ever had a motion to compel filed against him. Additionally, in the nearly 17 years of his practice, Counsel can only recall two instances of cases in any court in which a motion to compel was filed against his clients.

    9. While Defendant's counsel is completely within their rights to seek a

dismissal of this action, such an action under the circumstances would be inappropriate.

## ARGUMENT

Defendant seeks dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order or for want of prosecution. (Defendant's Motion to Compel, filed March 20, 2007, hereafter, "Defendant's Motion," at p. 2.)  A dismissal with prejudice is an "extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd.  v. M/V Monada*, 432 F. 3d 1333, 1337-38 (11th Cir. 2005), *quoting*, *World Thrust Films, Inc. v. Int'l Family Entm't*, 41 F. 3d 1454, 1456 (11th Cir. 1995).  Additionally, mere delay or simple negligence by a party is insufficient to warrant the extreme results of a dismissal with prejudice - - there must be evidence of a willful delay.  *Kilgo v. Ricks*, 983 F. 2d 189, 192-93 (11th Cir. 1993).

The failure to respond or "delay" in this matter was not willful as can only be attested to by Counsel for Plaintiff.  There is no history of this type of conduct by Plaintiff's counsel in any other matter in which he has represented a party.

The alleged injury caused to Defendant by the moronic action of Plaintiff's

Counsel is not so severe as to warrant a dismissal. Regardless of the delay caused by Plaintiff's Counsel, the period for discovery is still open under the Court's Scheduling Order. In fact, discovery can be conducted until July 7, 2007. The only delay caused by Plaintiff's Counsel is the date for filing dispositive motions.

If there is any culpability in the orderly process of litigation in this matter, it falls on the shoulders of Counsel for Plaintiff, not Plaintiff. Even though the information needed for discovery was in the possession of Plaintiff, it was Counsel for Plaintiff's job to get it to Defendant in a more timely manner. Since, Plaintiff is innocent of any wrongdoing in this matter, a dismissal of his claims would be overkill and inappropriate. "[T]he harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel is culpable." *Betty K*, 432 F. 3d at 1338; *Gratton v. Great Am. Commc'ns.*, 178 F. 3d 1373, 1375 (11th Cir. 1999). Plaintiff should not be denied his day in court (or "days in courts," as may be appropriate in this situation), due to Counsel for Plaintiff's failure to be technically adept.

Counsel for Plaintiff apologizes to Defendant, Defendant's counsel and this Honorable Court for the problems he has caused in this matter. The cause of these problems has been corrected and will not happen again.

WHEREFORE Counsel for Plaintiff requests that this Honorable Court

deny Defendant's Motion to Dismiss and allow this matter to go forward allowing Plaintiff an opportunity to present his claims before this Court.

                                        Respectfully submitted,

                                        /s/ Gregg L. Smith
                                        Attorney for Plaintiff

**OF COUNSEL:**
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court of the United States District Court for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to counsel for Defendant:

Elizabeth Brannen Carter
Hill, Hill, Carter, Franco,
 Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

on this the 5th day of April, 2007.

                                        /s/ Gregg L. Smith
                                        OF COUNSEL