# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LOUIE ALEXANDER** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **OPELIKA CITY SCHOOLS** ) | **3:06-CV-498-WKW** |
| ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## RESPONSE TO COURT'S ORDER

COMES NOW Counsel for Plaintiff Louie Alexander (hereinafter, "Plaintiff" or "Alexander"), Gregg L. Smith, and files this Response to this Court's Order of March 29, 2007, denying Counsel for Plaintiff's Motion to Withdraw in the action filed by Plaintiff against Defendant Opelika City Schools (hereinafter, "Defendant"). In support of this Response, Counsel for Plaintiff provides the following:

1. According to information from the Electronic Case Filing System of the United States Bankruptcy Court for the Middle District of Alabama, Plaintiff filed a Chapter 13 Bankruptcy Petition with that Court on October 5, 2006. The Bankruptcy Petition Number is 06-80812.

2. Counsel for Plaintiff in the Bankruptcy Petition is Marrell J. McNeal of McNeal & Douglas, LLC, P.O. Box 1423, Auburn, AL 36831. The Bankruptcy Trustee is Curtis C. Reding, P.O. Box 173, Montgomery, AL 36101.

3. On the afternoon of March 27, 2007, in a telephone conversation with Plaintiff, Counsel for Plaintiff was first informed of Plaintiff's pending bankruptcy action. Counsel for Plaintiff also found out that Plaintiff had not only failed to disclose his bankruptcy to Counsel, but also withheld the information of the instant action from bankruptcy counsel.

4. Counsel for Plaintiff spent the evening of March 27 attempting to ascertain as much information as possible about the bankruptcy action. On the morning of March 28, Counsel for Plaintiff telephoned Plaintiff's bankruptcy attorney (who was not available) to inform him of this current action and the need to amend any bankruptcy filings to protect the interests of Plaintiff. Counsel for Plaintiff followed that telephone message up with an e-mail. Counsel also contacted the General Counsel of the Alabama Bar Association to ensure that the actions being taken by Counsel for Plaintiff would not be in any way violating the Code of Professional Conduct. After the conference with the General Counsel, Counsel for Plaintiff contacted the Bankruptcy Trustee's office and left a message for the Trustee or his staff attorney to return the call.

5. Also on March 28, 2007, Counsel for Plaintiff contacted Plaintiff to inform him of what actions Counsel was taking. Counsel for Plaintiff then filed a Motion with Withdraw with this Court containing only the information in the Motion suggested by the General Counsel's office.

6. On March 29, 2007, Counsel for Plaintiff spoke directly to Plaintiff's bankruptcy attorney and the staff attorney for the Trustee and explained the situation. Plaintiff's bankruptcy attorney confirmed that this current action was not disclosed to him by Plaintiff and was not listed as an asset on the bankruptcy filings. Additionally, Counsel for Plaintiff was not listed as a creditor, even though Plaintiff owns Counsel for Plaintiff funds associated with this lawsuit. Counsel for Plaintiff also spoke to one of the clerks in the Court's office who requested the Counsel for Plaintiff contact Plaintiff to get him to quit calling the Court and Clerk of the Court. Plaintiff on his own, and without advising Counsel for Plaintiff, decided to telephone the Court to explain his situation. Counsel for Plaintiff contacted Plaintiff and directed him to quit calling the Court.

7. On April 2, 2007, Counsel for Plaintiff sent letters to Plaintiff's bankruptcy attorney and the Trustee advising them of Plaintiff's action pending before this Court. (Letters to Marrell J. McNeal and Curtis C. Reding, attached as Exhibits "A"and "B.")

8. On April 5, 2007, Counsel for Plaintiff received notice of the letter sent to the Court by Plaintiff. (Notice to the Court by Louie Alexander.) This action was taken without Counsel for Plaintiff's knowledge. In this letter, Plaintiff informed the Court that he, "spoke with the bankruptcy attorneys, and they wouldn't have a problem if my attorney continue [sic] with the case." (*Id.*) Plaintiff also informed the Court that if Counsel for Plaintiff should not remain in the case, Plaintiff would need a court appointed attorney, "since I can't afford one." (*Id.*)

9. There has been a serious breakdown in the communications between Counsel for Plaintiff and Plaintiff. Many of the representations made by Plaintiff to Counsel for Plaintiff have turned out to be somewhat less than accurate. Additionally, Plaintiff's representation that he "spoke with the bankruptcy attorneys" as provided in his letter to the Court is not true. In a telephone call with Mr. McNeal late in the afternoon on April 5, Mr. McNeal informed Counsel for Plaintiff the Plaintiff has not spoken to him (only to his secretary) and has not come in his office to sign the appropriate documents to amend his bankruptcy filings to include this cause of action in the assets.

10. There exists a lack of trust that Counsel for Plaintiff has with Plaintiff that makes further representation of Plaintiff in this matter impossible. Plaintiff

has made clear to the Court that he cannot afford an attorney.  Mr. McNeal has made it clear to Counsel for Plaintiff that there is no money available in the assets of Plaintiff for payment of any costs or expenses in this action.   The agreement for representation by Counsel for Plaintiff in this action on behalf of Plaintiff is not for free legal services.   Under the circumstances, Counsel for Plaintiff respectfully requests the Court to allow him to withdraw from representing Plaintiff in this action.

    WHEREFORE Counsel for Plaintiff requests that this Honorable Court grant the Motion to Withdraw and take any further action it deems necessary in this action to protect Plaintiff's rights.

                                            Respectfully submitted,

                                             /s/ Gregg L. Smith
                                            Attorney for Plaintiff

**OF COUNSEL:**
**Gregg L. Smith**
Attorney at Law
4905 Branch Mill Circle
Birmingham, Alabama 35223
(205) 956-0101

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date electronically filed the foregoing

pleading with the Clerk of the Court of the United States District Court for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to counsel for Defendant:

Elizabeth Brannen Carter
Hill, Hill, Carter, Franco,
 Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

on this the 6th  day of April, 2007.

                  /s/ Gregg L. Smith
                  OF COUNSEL