IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOUIE ALEXANDER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-cv-498-WKW |
| ) | |
| OPELIKA CITY SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court are the motion to dismiss of the defendant (Doc. # 14), the motion of Mr. Smith to withdraw as attorney for the plaintiff (Doc. # 20), and plaintiff's request that Mr. Smith be required to remain as plaintiff's attorney (Docs. # 18 & # 21) or, in the alternative, request that he receive "a court appointed attorney since I can't afford one." (Doc. #18.) The motion to dismiss (Doc. # 14) is DENIED in the interest of justice. Whatever the genesis of the failure of the plaintiff to prosecute his case, the court finds that dismissal is inappropriate on the facts as represented by the parties. The court does not find a pattern of delay or willful contempt, nor does it find that the defendant will be unduly prejudiced by the denial of the motion in view of the further rulings herein.

The motion of Mr. Smith to withdraw as attorney for the plaintiff is more problematic, but in consideration of all the circumstances, will be granted conditionally. The court accepts Mr. Smith's explanation of the origin in the bankruptcy confusion and finds that the plaintiff was less than forthright with counsel (both in this case and in the bankruptcy case) and the court with respect to his bankruptcy petition. The court also concludes that counsel to the plaintiff in this action has been less than diligent in pursuing and responding to discovery matters, despite technology problems that are inevitable if not specifically predictable and despite known deadlines. (Counsel did not

represent to the court that his mail service failed, in view of defendant's numerous letters to counsel, nor did he plead ignorance of the scheduling order entered on August 30, 2006 (Doc. # 9), and resulting deadlines in this case). However, it is obvious to the court that plaintiff and his counsel have irreconcilable differences, and no useful purpose would be served by requiring Mr. Smith to continue in this case. While counsel's suggested ethical reasons for terminating the relationships are not compelling, the court weighs all the circumstances against potential prejudice to the parties and to its calendar, all in the interest of justice and in the exercise of its inherent power to manage its docket. The court finds no prejudice to the plaintiff by a *delay* in securing replacement counsel, nor will the docket of the court be disrupted. Whatever prejudice is suffered by the plaintiff in not being able to *secure* replacement counsel is a result, in part, of plaintiff's own doing.[1]

Mr. Smith's motion to withdraw (Doc. # 16) will be granted on the condition that he provide (1) an accurate address for the Clerk to contact the plaintiff; and (2) a filing setting forth the position of the bankruptcy trustee with respect to the continued prosecution of this matter in the district court. Upon receipt of those filings, the court will enter an order allowing Mr. Smith to withdraw.

The plaintiff's request that he have a court appointed attorney is denied. In a civil action, no such right exists. *Mekdeci v. Merrell Nat'l Labs.,* 711 F.2d 1510, 1522 (11th Cir. 1983). The plaintiff is directed (1) to notify the court **IN WRITING on or before JUNE 15, 2007,** as to whether he has secured counsel or wishes to proceed *pro se*, (that is, to represent himself in this

---

[1] *See Battani, Ltd. v. Bar-Car, Ltd.,* 299 N.Y.S.2d 629 ( N.Y. City Civ. Ct. 1969) in which Judge Younger allowed withdrawal of an attorney without justifiable cause:

> The attorney client relation rests upon a unique contract. The client may break it at will. The attorney may terminate the relation upon good cause. . . . Were permission to be denied [to an attorney who seeks to terminate the relationship without cause,] the attorney would be obliged to continue a relation he no longer wishes to preserve. This runs afoul of the old rule that a court will not order specific performance of a contract for personal services.

*Id*. at 532 (internal citations omitted).

matter); (2) to contact his bankruptcy attorney, if he has not already done so, for bankruptcy advice on proceeding in this matter in the district court, and, to execute such documents and filings as required under the circumstances; and (3) to communicate with this court only in writing, addressed to the Clerk of the Court, U.S. District Court, P.O. Box 711, Montgomery, AL 36101-0711. All deadlines and the trial date are continued generally.

It is so **ORDERED.**

DONE this 20th day of April, 2007.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE