IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LOUIE LEE ALEXANDER,    )<br>    Plaintiff,    )<br>    )<br>Vs.    )<br>    )<br>OPELIKA CITY SCHOOLS,    )<br>    Defendant.    ) | CASE NUMBER:<br>3:06-CV-498-WKW |

***CHAPTER 13 TRUSTEE'S POSITION STATEMENT
WITH RESPECT TO CONTINUED PROSECUTION
OF DEBTOR'S DISTRICT COURT ACTION***

COMES NOW, Curtis C. Reding, Jr., Standing Chapter 13 Trustee for the Middle District of Alabama, and Trustee of the Estate of Louie Lee Alexander, by and through the undersigned counsel, and in compliance with the Court's Order dated April 20, 2007, submits the following statement with respect to the debtor's continued prosecution of the above action pending before this Honorable Court.

1. On October 5, 2006, Louie Lee Alexander filed for an Order of relief pursuant to Chapter 13, Title 11, of the Bankruptcy Code, Chapter 13 Case number 06-80812-WRS.

2. In the debtor's original schedules, statement of financial affairs and chapter 13 plan, he failed to list the lawsuit with Opelika City Schools which was filed with this Honorable Court on or about June 2, 2006. The debtor's original chapter 13 plan proposed to pay the debtor's secured creditors the value of their collateral, a priority claim to the State of Alabama and a "POT" (payment over time pro-rata) of $3,132.00 to his

        general unsecured creditors, that will produce approximately 76.33% dividend for the benefit of unsecured creditors.

3. On March 28, 2007, the Trustee was informed by Gregg Smith that the debtor had a pending claim before this Court. Mr. Smith was informed at this time that the claim was not listed, but was an asset of the debtor's bankruptcy estate and if any recovery were made, it must be paid to the Trustee for the benefit of the debtor's creditors. Mr. Smith was also informed that if he continued to represent the debtor in this claim, he must have his employment approved and any attorneys fees approved by the Bankruptcy Court as the fees would be generated from funds of the bankruptcy estate.

4. On April 13, 2007, the debtor filed with the United States Bankruptcy Court an amended schedule B listing the lawsuit as an asset of the estate, an amended statement of financial affairs listing the existence of the lawsuit and a motion to modify his chapter 13 plan to pledge the proceeds of his lawsuit for the benefit of his creditors. See attached exhibits 1, 2, 3 and 4 attached hereto and incorporated herein by reference.

5. Any proceeds from this lawsuit would be an asset of the debtor's bankruptcy estate and would be due to be paid to the Trustee for payment to creditors in addition to the debtor's plan payments to the Trustee. Any proceeds from this action would increase the dividend to unsecured creditors from its current composition rate of 76.33%. Furthermore, if the recovery were in a sufficient amount, it could pay the creditors in full at an

        accelerated rate, increasing the likelihood of the success of the debtor's plan and the payment of creditors.

6.     The Trustee has no objection to the debtor's continued prosecution of this claim before this Honorable Court as it could, if successful, increase the dividend to the debtor's unsecured creditors and potentially pay creditors in full faster than the terms of the debtor's plan which could take up to five (5) years from the date of filing to complete.  The Trustee would not offer any position or opinion to this Honorable Court on whether the debtor's claim should be barred by the doctrine of judicial estoppel.  The Trustee would defer and have no objection to whatever this Honorable Court's decision might be on whether the doctrine of judicial estoppel should apply to the debtor's claim.

Respectfully submitted this 22nd day of May, 2007.

                                              Curtis C. Reding, Jr.
                                              Chapter 13 Trustee

                                By:   /s/ Sabrina L. McKinney
                                        Staff Attorney (MCK041)
                                        for the Chapter 13 Trustee
                                        ASB-3162-I71S

Office of the Chapter 13 Trustee
Curtis C. Reding, Jr., Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
Email: mckinneys@ch13mdal.com

## *CERTIFICATE OF SERVICE*

I, Sabrina L. McKinney, certify that a copy of the foregoing CHAPTER 13 TRUSTEE'S POSITION STATEMENT WITH RESPECT TO CONTINUED PROSECUTION OF DEBTOR'S DISTRICT COURT ACTION has been served on the parties listed below by placing same in the United States Mail, postage prepaid and properly addressed, or via electronic mail, this 22nd day of May, 2007.

/s/   Sabrina L. McKinney
Sabrina L. McKinney

Louie Lee Alexander  (via U.S. Mail)
229 Lee Road 869, Lot #10
Auburn, AL 36832

Gregg Smith, Esq.  (via electronic mail)

James Robert Seale, Esq. (via electronic mail)

Elizabeth B. Carter, Esq. (via electronic mail)

Marrell McNeal, Esq.  (via U.S. Mail)
P.O. Box 1423
Auburn, AL 36830