# EXHIBIT "8"

## AFFIDAVIT OF JOE WINGO

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LOUIE ALEXANDER,

    Plaintiff,

-vs-

OPELIKA CITY BOARD OF EDUCATION,

    Defendant.

Case No. 3:06-cv-498-WKW

## AFFIDAVIT OF JOE WINGO

Before me, the undersigned authority, in and for said county and state, personally appeared Joe Wingo, who being known to me and being first duly sworn, deposes and says under oath as follows:

1. My name is Joe Wingo. I am a 58 year old male over the age of nineteen and I have personal knowledge of the matters set forth herein.

2. I have been the Building and Grounds Maintenance Supervisor at Opelika High School since July 2003. From late 2003 to late 2005, Louie Alexander was one of the custodians on my staff.

3. Mr. Alexander was one of eight black custodians. There were also three white custodians. At the time of Mr. Alexander's employment, he was one of three black employees on the night shift and there were two white employees on the night shift.

4. The employees on the custodial staff had specific assignments and also group projects. There was never an occasion where someone's specific assignment

1

was given to another individual. There could be occasions wherein individual needed help and that help was provided. All floor waxing jobs were a group project and at no time did Mr. Alexander handle those responsibilities himself. There was never an occasion where a white employee complained about a responsibility and I took that responsibility from the white employee and gave it to Mr. Alexander to do.

5. There are three different individuals assigned to clean the science building. I have no idea to what Mr. Alexander refers when he alleges that Mr. Chance complained about cleaning the science building and that assignment went to Mr. Alexander.

6. In the summer 2005, the boys' bathroom on main street was taken as an assignment from Jim McManus, a white employee at another building, because the bathroom was located between two halls assigned to Mr. Alexander. Based on location, the job assignment to Mr. McManus did not make sense. Mr. Alexander's work assignments were adjusted to compensate for the change. The change had absolutely nothing to do with Mr. McManus complaining about the assignment and at no time was any assignment taken from Mr. McManus and given to Mr. Alexander simply because Mr. McManus did not want to do the work. In fact, Mr. McManus was assigned carpeted halls and a tiled foyer in the science building in addition to his other cleaning responsibilities when the boys' bathroom was removed from his list of work to do.

7. It is untrue that black employees were made to weed eat around the football stadium because the white employees refused to do so. I am unclear as to what Mr. Alexander refers. There were numerous individuals who had grounds

responsibilities that involved grass mowing, maintaining bushes, weed eating, etc. On occasion, before a big event such as a big football game or other school event, other custodial staff would assist the grounds individuals in preparing the stadium or other surrounding areas. Part of all custodians' responsibilities is to help prepare the grounds and school for special events. Regardless, at no time was more work assigned to a black employee than a white employee. At no time have I ever made work assignment decisions based on an employee's race.

8. It was reported to me that Mr. Alexander was recording inaccurate work time on his time sheets. On several occasions I questioned Mr. Alexander about the information I heard regarding the time sheets, and he would deny it and act very aggressive about the issue. At no time did I change his time sheets based on the information I received. Both white and black custodians on the night shift with Mr. Alexander verify that he was not accurately reporting his time on his time sheet.

9. At no time during my employment as the Maintenance Manager at the Opelika High School has any other employee ever complained that I or anyone at this school treated them disparagingly because of their race. No other employee has confirmed Mr. Alexander's allegations in his EEOC charge that I used the term "boy" in reference to Mr. Alexander or any other employee. I have never used the term "boy" to Mr. Alexander or any other employee.

10. After Mr. Alexander's deposition, I was told that Mr. Alexander said that I made a comment about hanging an individual or a noose. I have no idea to what he

3

refers. I have never talked to Mr. Alexander or any individual at Opelika City Schools about a noose or hanging someone.

Further affiant saith not.

_____
JOE WINGO

STATE OF ALABAMA     )
COUNTY OF LEE        )

Before me the undersigned Notary Public in and for State and County aforesaid, personally appeared **JOE WINGO**, who is personally known to me and who, being by me first duly sworn, doth depose and say that he signed the above affidavit to the best of his knowledge, information and belief and with full understanding of its effect.

_____
NOTARY PUBLIC

My Commission Expires: 2011

(SEAL)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 31, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4